# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOLLY DEIBLER, individually and on behalf of all other similarly situated, | Case No.: 1:19-cv-20155-NLH-JS |
| *Plaintiff* | Hon. Noel L. Hillman, U.S.D.J <br> Hon. Joel Schneider, U.S.M.J. |
| *v.* | **Return Date: December 20, 2021** |
| SANMEDICA INTERNATIONAL, LLC and DOES 1 through 10, inclusive, | **Oral Argument Requested** |
| *Defendant* | |

---

## BRIEF IN SUPPORT OF MOTION TO STAY PENDING APPEAL OF MAGISTRATE JUDGE MATTHEW J. SKAHILL'S OCTOBER 28, 2021 ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

---

Daniel J. Cohen, Esq. (DC0532)
NEWMAN, SIMPSON & COHEN, LLP
The Armour Building
32 Mercer Street
Hackensack, N.J. 07601-5605
Telephone: (201) 487-0200
Facsimile: (201) 487-8570
Email: dcohen@newmandsimpson.com
          - and-
Jason M. Kerr, Esq.
Ronald F. Price, Esq.
Steven W. Garff, Esq.
PRICE PARKINSON & KERR PLLC
5742 West Harold Gatty Drive, Suite 101
Salt Lake City, UT 84116
Telephone: (801) 530-2900
Facsimile: (801) 517-7192
Email:  jasonkerr@ppktrial.com
            ronprice@ppktrial.com
            stevengarff@ppktrial.com

*Attorneys for Defendant,*
  *SanMedica International, LLC*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... iii

I.      INTRODUCTION ...................................................................................................... 1

II.     BACKGROUND ......................................................................................................... 1

III.    ARGUMENT .............................................................................................................. 2

        A.   Legal Standard .................................................................................................. 2

        B.  SanMedica Will Likely Succeed on the Merits ............................................... 2

        C.  SanMedica Will Suffer Prejudice and Irreparable Harm If the Order is Not Stayed
            Pending Resolution of the Appeal .................................................................... 4

        D.  Issuance of the Stay Will Not Harm Plaintiff.................................................. 6

        E.  Public Policy Interests Favor Staying This Matter Pending Appeal............................ 7

CONCLUSION ...................................................................................................................... 8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

*Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund,*
    29 F.3d 863, 874 (3d Cir.1994) ................................................................. 6

*Cf. Republic of Philippines v. Westinghouse Elec. Corp.*,
    949 F.2d 653, 658 (3d Cir. 1991) ............................................................... 2

*Commodity Futures Trading Comm'n v. Equity Fin. Grp. LLC,*
    No. 04-1512, 2007 WL 1412275, at *1 (D.N.J. May 11, 2007) ................. 2

*Corsentino v. Meyer's RV Centers LLC,*
    2020 WL 4199744, at *9 (D.N.J. July 22, 2020) ..................................... 7

*Curtis T. Bedwell and Sons, Inc. v. Int'l Fidelity Ins. Co.,*
    843 F.2d 683, 693–94 (3d Cir.1988) ......................................................... 6

*Franklin U.S. Rising Dividends Fund v. Am. Int'l Grp., Inc.*,
    2014 WL 1555133, at *9 (D.N.J. Apr. 14, 2014) ...................................... 7

*Grimes v. Corr. Med. Servs.*,
    No. 08-567 (MLC), 2011 WL 4478983, at *8 (D.N.J. Sept. 26, 2011) ........... 5

*Harrigan v. Virgin Islands Dep't of Pub. Works*,
    2020 WL 8019592 at *3 (V.I. Super. Ct. 2020) ....................................... 5

*Konya v. Olander*,
    1991 WL 30729, at *2 (E.D. Pa. Mar. 5, 1991) ...................................... 8

*Long v. Wilson*,
    393 F.3d 390, 400 (3d Cir. 2004) ............................................................. 5

*Miller v. Advocare, LLC*,
    2013 WL 2242646, at *3 (D.N.J. May 21, 2013) .................................... 6

*Molloy* v. *independence Blue Cross,*
    56 V.I. 155, 2012 WL 78942, at *17 ......................................................... 5

*Pizana v. SanMedica International, LLC,*
    No. 1:18-cv-00644 (E.D. Cal., filed May 9, 2018) ................................. 4

*United States v. City of Philadelphia,*
    644 F.2d 187 (3rd Cir.1980) ..................................................................... 8

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Williams v. Sullivan,*
  2011 WL 2119095, at *6 (D.N.J. May 20, 2011) *report and recommendation adopted,* 2011 WL 2112301 (D.N.J. May 25, 2011) *aff'd,* 2012 WL 6033987 (3d Cir. Dec.5, 2012) .................................................................................................................... 6


RULES

*Fed. R. Civ. P. 72(a)* ............................................................................................................ 1
*Local Rule 72.1c(1)(A)* ........................................................................................................ 1
*Local Rule 72.1(c)(1)(B)* ...................................................................................................... 2

Defendant SanMedica International, LLC ("Defendant" or "SanMedica") respectfully submits this brief in support of SanMedica's Motion to Stay enforcement of Magistrate Judge Skahill's October 28, 2021 Order (Docket No. 130, the "Order") (and related Opinion, Docket No. 129, filed the same day (the "Opinion")) pending SanMedica's appeal of the Order and Opinion.

## I.      INTRODUCTION

Judge Skahill's Order and Opinion granted in part Plaintiff Holly Diebler's ("Plaintiff") motion for leave to file a first amended complaint. The amended allegations will essentially turn this matter into a wholly new case. The Order allows Plaintiff to add fifteen new defendants, including five individuals, and two new plaintiffs, and allows these plaintiffs to bring multiple new causes of action, including RICO claims alleging a vast, conspiratorial enterprise among the newly-proposed defendants. But the Order and Opinion misinterpret and misapply applicable law. SanMedica accordingly filed an appeal of the Order and Opinion on November 10, 2021 (the "Appeal"), pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 72.1(c)(1)(A), asking the Court to reverse the portion of the ruling that granted in part Plaintiff's motion for leave to amend. *See* Docket Nos. 131–132. Because moving forward with an amendment to the complaint and the addition of 17 new parties and vastly expanded claims will change the nature of this case, require a do-over of discovery, and greatly increase costs, SanMedica respectfully asks the Court to stay enforcement of the Order and Opinion pending resolution of the Appeal.

## II.      BACKGROUND

SanMedica incorporates by reference the Background facts set forth in its Brief in Support of Appeal of Magistrate Judge Matthew J. Skahill's October 28, 2021 Order Granting in Part Plaintiff's Motion for Leave to File First Amended Complaint (the "Appeal Brief"), submitted to the Court as Docket No. 131-1.

III.   **ARGUMENT**

A.   **Legal Standard**

When a party files an appeal of a non-dispositive order of a Magistrate Judge, to prevent the operation of the at-issue order, a stay "must be sought in the first instance from the Magistrate Judge whose order had been appealed." L.Civ.R.72.1(c)(1)(B). "When evaluating a motion for a stay pending an appeal, a court should consider: (1) whether the stay applicant made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will suffer irreparable injury absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Commodity Futures Trading Comm'n v. Equity Fin. Grp. LLC*, No. 04-1512, 2007 WL 1412275, at *1 (D.N.J. May 11, 2007). *Cf. Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991) (listing factors). As shown below, application of these factors to the facts of this case favors a stay of enforcement of the Order and Opinion while the Appeal is pending.

B.   **SanMedica Will Likely Succeed on the Merits**

SanMedica submitted a strong brief demonstrating misapplications of law and facts set forth in the Order and Opinion that provide grounds for appeal. SanMedica incorporates by reference herein the substantive arguments set forth in its Appeal Brief and, for sake of brevity, will not repeat those arguments at length here. *See* Appeal Brief at 1–16 [Doc. No. 131-1]. The Appeal Brief sets forth specific instances wherein the Order and Opinion misapplied fact or law in granting Plaintiff's motion for leave to amend her complaint.

The Order and Opinion failed to account for undue delay by Plaintiff in bringing her motion for leave to amend, given that many of the purportedly newly-discovered facts on which the motion

relied were in fact already known to Plaintiff's counsel before the inception of this lawsuit. The claims could have and should have been asserted in the original complaint.

In ruling that SanMedica would suffer no prejudice were leave to amend granted, the Order and Opinion cite to inapplicable law and, without any court precedent, found that prejudice to SanMedica could be outweighed by other considerations. There is no law or case that allows a court to engage in such an approach with respect to the prejudice visited upon the non-moving party.

The Opinion and Order also misapplied fact and law in finding that the proposed amendments to the complaint would not be futile. For example, the proposed amended complaint contains no allegations that, if true, would establish personal jurisdiction over the newly-proposed defendants. In so doing, the Order relied on a "conceivability" standard that has no support in the law, rather than the Supreme Court mandated "plausibility" standard, under which the lack of such personal jurisdiction allegations render the proposed claims not plausible and hence futile. This is significant, given the vast difference between the meaning of the two words.[1] The Supreme Court chose the word "plausible" deliberately. The Opinion and Order also failed to cite any non-conclusory, factual allegations that could plausibly support the proposed RICO claims.

In short, the Appeal Brief's strong showing of grounds for reversal show a likelihood of success on the merits of the appeal of the Opinion and Order and weigh strongly in favor of a stay of enforcement of the Order.

---

[1] To "conceive" something is to merely "form in the mind" or "imagine." Webster's New World Dictionary, College Third Edition. Something that is "plausible," by contrast, is "seemingly true," "trustworthy," or "honest." *Id*. The online Google dictionary defines "plausible: as "seeming reasonable or probable," while "conceivable" is merely "capable of being imagined or grasped mentally."

-3-

C.      **SanMedica Will Suffer Prejudice and Irreparable Harm If the Order Is Not Stayed Pending Resolution of the Appeal**

Another factor that weighs in favor of a stay is the prejudice and irreparable harm that SanMedica will incur if the stay is not granted. A year and a half into this case, SanMedica has already gathered, reviewed, and produced hundreds of thousands of documents to Plaintiff (while Plaintiff has produced a mere 32 pages of documents in return). SanMedica's representatives, including its attorneys, spent over 1,935 hours responding to discovery requests propounded on it in this and the related *Pizana* matter. *See* Declaration of Andrea Pearson dated June 7, 2021 (submitted to the Court as Doc. No. 95-4, a copy of which is attached hereto for the Court's convenience as **Exhibit A**). SanMedica produced these documents with one plaintiff, one defendant, and one theory of relief—alleged false advertising—in mind. SanMedica spent weeks and hundreds of hours in preparation in order to produce these documents. *See* Declaration of Ronald F. Price [Docket No. 70-1], ¶ 10. If the Order and Opinion are not stayed, this matter will become an entirely different case. Fifteen new defendants, including five individuals, and two new plaintiffs will be added to this litigation. Just as significant, new, different, and sweeping causes of action will be added, including RICO claims, alleging a vast, conspiratorial enterprise among the newly-proposed defendants. The new plaintiffs will want to conduct discovery immediately, essentially re-doing all of this discovery again.  If the case moves forward, all of SanMedica's previous efforts to respond to Plaintiff's discovery requests will require a do-over. Discovery will be restarted, and new documents will need to be reviewed and produced regarding numerous new defendants, including individual defendants, and the newly asserted claims. All of the deposition time spent during many months in the *Pizana* matter will no doubt be redone, as all of the witnesses have information pertinent to the new claims and the new plaintiffs and defendants will have discovery to pursue in their own right. The depositions taken in *Pizana* that will need to be rehashed here included a 30(b)(6) deposition involving several designees conducted over many different days. *See* Declaration of Steve Garff

-4-

dated November 23, 2021, submitted herewith, ¶ 2. This 30(b)(6) deposition alone lasted nearly 40 hours on the record. *Id*. And SanMedica's attorneys and personnel spent many more hours preparing for the depositions. *Id*.

SanMedica will incur significant cost in rehashing all of this discovery. This fact is exacerbated even more when considering the time and effort SanMedica also spent responding to discovery requests in the related *Pizana* matter, all discovery from which is also relevant here. Third Circuit courts consider the expenditure of "significant additional resources to conduct discovery and prepare for trial," among other things, to constitute prejudice. *Long*, 393 F.3d at 400. *See*, *e.g.*, *Grimes v. Corr. Med. Servs.*, No. 08-567 (MLC), 2011 WL 4478983, at *8 (D.N.J. Sept. 26, 2011) (denying leave to amend, noting: "The Court finds that it would be prejudicial to both the current Defendants and to the new Defendants to allow [leave to amend]. Plaintiffs assert several new, unrelated, and complex claims against the current Defendants and also seek to add 14 new Defendants not previously named in this suit. The current Defendant would need to engage in further protracted discovery regarding the new claims, and the new defendants would have to conduct their own discovery for any claims asserted against them, in addition to accessing all discovery already exchanged among the parties."); *Harrigan v. Virgin Islands Dep't of Pub. Works*, 2020 WL 8019592 at *3 (V.I. Super. Ct. 2020) (citing *Molloy* v. *independence Blue Cross,* 56 V.I. 155, 2012 WL 78942, at *17) ("Prejudice to the opposing party is generally demonstrated by either increased expense to the opposing party arising from the extra costs associated with filings responding to dilatory behavior, or increased difficulty in the opposing parties' ability to present or defend their claim(s) due to the improper behavior. Also, as time passes, witnesses move, their memories dim and records may be lost.").

This prejudice is all the more harmful when a party is facing the prospect of responding to meritless claims. If the Appeal is granted, the claims set forth in the amended complaint will be

deemed futile and SanMedica need not respond to them. Any time spent responding to them in the interim will be wasted effort and SanMedica (and other newly-proposed defendants) will not be able to recoup the significant expense and loss of time. Every new defendant will likely be submitting a motion to dismiss the new claims, then the plaintiffs will submit opposing briefs, and defendants will reply. All of this time and expense will constitute pure waste if the Appeal is granted. "Prejudice includes 'irremediable' or 'irreparable' harm to the other party …." *Miller v. Advocare, LLC*, 2013 WL 2242646, at *3 (D.N.J. May 21, 2013) (citing *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 874 (3d Cir.1994)). *See also Curtis T. Bedwell and Sons, Inc. v. Int'l Fidelity Ins. Co.,* 843 F.2d 683, 693–94 (3d Cir.1988) (party's failure to make notebooks available for discovery and the resulting cost of obtaining discovery orders was sufficient for finding prejudice, "irremediable prejudice" not required). "Prejudice may also take the form of extra costs, repeated delays, and having to file additional motions due to abusive behavior by the other party." Miller, 2013 WL 242646 at *3 (citing *Williams v. Sullivan,* 2011 WL 2119095, at *6 (D.N.J. May 20, 2011) *report and recommendation adopted,* 2011 WL 2112301 (D.N.J. May 25, 2011) *aff'd,* 2012 WL 6033987 (3d Cir. Dec.5, 2012). This factor weighs in favor of a stay.

**D.**     **Issuance of the Stay Will Not Harm Plaintiff**

        In contrast to the harm that will befall SanMedica if this matter is not stayed pending resolution of the Appeal, it will cost nothing to Plaintiff to wait to proceed with this additional discovery until after the Appeal is resolved. This case has already been stayed for several months pending resolution of Plaintiff's motion for leave to amend. Further stay of enforcement of the Order and Opinion pending resolution of the Appeal will make little difference. The claims Plaintiff asserts are for money damages stemming from an allegedly worthless product. The injunctive relief Plaintiff initially sought in her Complaint has been denied. *See* Order at 2.

Forcing SanMedica to mount a defense to the vastly-expanded claims and begin to redo discovery, on the other hand, will significantly impact SanMedica, particularly if the court ultimately grants the Appeal and renders the amended complaint moot.

No harm will befall the two additional proposed plaintiffs for the same reasons no harm will befall Plaintiff if a stay is granted. Moreover, these additional plaintiffs, who are presumably part of the proposed class, will have their false advertising claims resolved whether they represent the class or not. No harm will befall any of the newly-proposed defendants, as proceeding now would require them to respond and incur costs related to meritless litigation. This factor favors issuance of a stay.

**E.**     **<u>Public Policy Interests Favor Staying This Matter Pending Appeal</u>**

Public policy will be served by granting the stay pending resolution of the Appeal because it will avoid waste of both the parties' and the court's resources. Moving immediately forward before resolving the Appeal will necessitate another round of motion practice regarding the amended complaint, as SanMedica will move to dismiss the claims. Moreover, as the newly-added defendants are served, so too will each of them likely initiate motion practice to, among other things, challenge personal jurisdiction and the plausibility of the claims. Depending on how long it takes to resolve the Appeal, further discovery will also ensue. If the Appeal is ultimately granted, every dollar and minute spent in responding to the amended complaint and on other matters related to what will be the vastly-expanded litigation will be an utter waste. "[T]here is a strong public policy against wasting judicial resources …." *Corsentino v. Meyer's RV Centers LLC*, 2020 WL 4199744, at *9 (D.N.J. July 22, 2020). *See also Franklin U.S. Rising Dividends Fund v. Am. Int'l Grp., Inc.*, 2014 WL 1555133, at *9 (D.N.J. Apr. 14, 2014) ("Public policy within the District of New Jersey clearly disfavors a waste of judicial resources …."). The public interest will especially be served by a stay because if the Appeal is granted, the newly-proposed claims against SanMedica and the newly-proposed defendants included in the amended complaint will be rendered futile and

moot. Absent a stay pending such a resolution, defendants will be litigating against futile claims, again wasting their and the court's resources. "It is an important public policy to weed out the frivolous and insubstantial cases at an early stage in the litigation …." *Konya v. Olander*, 1991 WL 30729, at *2 (E.D. Pa. Mar. 5, 1991) (quoting *United States v. City of Philadelphia,* 644 F.2d 187 (3rd Cir.1980)). Better to stay the matter and ensure that the court's and the parties' resources will not be spent in responding to claims that may be ruled futile in resolving the Appeal.

## CONCLUSION

For the foregoing reasons, SanMedica respectfully asks the court to stay enforcement of the Order and Opinion pending resolution of SanMedica's Appeal of the Order and Opinion.


Dated: November 24, 2021                    Respectfully submitted,


                                            /s/ *Daniel J. Cohen*
                                            Daniel J. Cohen
                                            **NEWMAN, SIMPSON & COHEN, LLP**
                                            32 Mercer Street
                                            Hackensack, NJ  07601
                                            Telephone: (201) 487-0201
                                            Facsimile: (201) 487-8570

Daniel J. Cohen (029071991)
**NEWMAN, SIMPSON & COHEN, LLP**
32 Mercer Street
Hackensack, NJ 07601
Telephone: (201) 487-0201
Facsimile: (201) 487-8570
Email: dcohen@newmansimpson.com

Jason M. Kerr (*pro hac vice*)
Ronald F. Price (*pro hac vice*)
Steven W. Garff (*pro hac vice*)
**PRICE PARKINSON & KERR PLLC**
5742 West Harold Gatty Drive, Suite 101
Salt Lake City, UT 84116
Telephone: (801) 530-2900
Facsimile: (801) 517-7192
Email: jasonkerr@ppktrial.com
        ronprice@ppktrial.com
        stevengarff@ppktrial.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT,
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOLLY DEIBLER, individually and on behalf of all other similarly situated, | ) ) ) |
| Plaintiff, | ) ) **DECLARATION OF ANDREA PEARSON IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND DOCUMENTS** |
| vs. | ) ) ) ) ) |
| SANMEDICA INTERNATIONAL, LLC and DOES 1 through 10, inclusive, | ) ) Case No. 1:19-cv-20155-NLH-JS |
| Defendants. | ) ) Hon. Noel L. Hillman, U.S.D.J |
| | ) Hon. Matthew J. Skahill |

# EXHIBIT A

I, Andrea Pearson, declare as follows:

    1.    I am a paralegal at Price Parkinson & Kerr, PLLC, counsel of record in this matter for Defendant SanMedica International, LLC ("SanMedica" or "Defendant"). I submit this declaration in opposition to plaintiff's motion to compel discovery responses and documents (Docket No. 86).

    2.    I have compiled the amount of hours representatives of SanMedica have spent responding to discovery requests in this matter and also in the related putative class action pending in the Eastern District of California, *Pizana v. SanMedica International, LLC*, Case No. 18-cv-00644-DAD-SKO.

    3.    I have also compiled the amount of hours attorneys and paralegals at Price Parkinson & Kerr, PLLC have spent responding to discovery requests in these two matters.

    4.    The information I have compiled shows that over 1935 hours have been spent by representatives of SanMedica as well as the attorneys and paralegals at Price Parkinson & Kerr, PLLC responding to the discovery requests in the two matters.

    EXECUTED this 7th day of June, 2021, in Salt Lake City, Utah.

                                         Andrea Pearson