[Doc. No. 85]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

HOLLY DEIBLER, et al.,

                    Plaintiff,

        v.                              Civil No. 19-20155(NLH/MJS)

SANMEDICA INTERNATIONAL, LLC,
at al.,

                    Defendant.

O P I N I O N   &   O R D E R

        This matter is before the Court on the "Motion to Compel
compliance with Rule 45 Subpoenas" [Doc. No. 85](the "Motion")
filed by defendant SanMedica International, LLC ("Defendant"). The
Court is in receipt of the opposition filed by non-party attorneys
for Plaintiff, Clarkson Law Firm, P.C. ("CLF"), Tycko & Zavareei,
LLP ("TZ"), and Miller Shah LLP ("MS") (collectively "Plaintiff's
Counsel") [Doc. No. 94] as well as Defendant's reply [Doc. No.
98]. The Court exercises its discretion to decide the Motion
without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For
the following reasons, Defendant's Motion to compel as to CLF and
TZ will be **DENIED** without prejudice to refile and the Motion to
compel as to MS will be **DENIED**.

    I.    **Background**

1

Plaintiff Holly Deibler ("Plaintiff") filed this putative class action on November 13, 2019 challenging the efficacy, advertisement, and sale of SeroVital-Hgh ("Serovital"), a purported Human Growth Hormone supplement produced by Defendant. See Doc. No. 1. Plaintiff and the putative class are represented by MS, CLF, and TZ.[1] In connection with this action, Defendant issued subpoenas to Plaintiff's Counsel on November 30, 2020, to which Plaintiff's Counsel objected.[2] See Br. in Supp. at *2. Following a conference call with the Court on April 12, 2021, Defendant emailed revised, narrowed subpoenas to Plaintiff on April 15, 2021 and again on April 29, 2021.[3] Id. at *4. These

---

[1] Mr. Shah and Mr. Zipperian, of Miller Shah LLP, are counsel of record for Plaintiff in this matter. Counsel from CLF and TZ have been admitted pro hac vice in this matter. See Doc. Nos. 12, 28, and 44.

[2] The Court notes that Mr. Shah was formerly a member of the firm Shepherd, Finkelman, Miller & Shah, LLP ("SFMS"). On March 15, 2021, Mr. Shah filed a Notice of Change of Firm Affiliation, Address and Email Address [Doc. No. 69] from SFMS to MS. The Court will treat the subpoena to SFMS as to MS, noting that Plaintiff has raised no objection.

[3] On April 15, 2021, Defendant served notices of subpoenas and subpoenas duces tecum to CLF, TZ, and MS with the narrowed requests, which required production in the District of New Jersey, specifically at Mr. Cohen's law office in Hackensack, New Jersey. See Declaration of Ronald F. Price ¶ 9, Exhibit E [Doc. No. 85-2]. Thereafter, Plaintiff's counsel served objections to the April 15, 2021 subpoenas. One of the objections – that the subpoenas required production more than 100 miles from the offices of the Plaintiff's counsel - was not addressed during the call, although it had been previously raised in letter exchanges between the parties. In response, defendant served new, updated subpoenas. See Price Decl. ¶ 11, Exhibit F. These subpoenas indicated that the

iterations of the subpoenas requested Plaintiff's Counsel to provide the following:

> All Court Orders that either (1) approve or appoint as class counsel in any class action case any of the attorneys who are currently counsel of record for plaintiff in the matter captioned <u>Holly Deibler v. SanMedica International, LLC</u>, Civil Action No. 1:19-cv-20155, United Sates District Court, District of New Jersey (the "Deibler Matter"), or (2) refuse to approve, or otherwise deny motions to approve, as class counsel any of the attorneys who are currently counsel of record for plaintiff in the Deibler Matter.

<u>Id.</u> On May 13, 2021, Plaintiff's Counsel again served objections, stating they would not comply with the subpoenas. <u>Id.</u> at *5. Specifically, Plaintiff's Counsel objected to the subpoenas as (1) overly broad and seeking materials not relevant to any party's claims or defenses and having no bearing upon Plaintiff's Counsel's adequacy to serve as class counsel, (2) not limited in temporal scope, (3) unduly burdensome, and (4) requesting information available to the public and defendant. <u>See</u> Declaration of Ronald F. Price ¶ 12, Exhibit G [Doc. No. 85-1, 85-2].

## II.  <u>Legal Standards</u>

Pursuant to Federal Rule of Civil Procedure 45, a party may compel production of documents within the "possession, custody, or

---

requested records were to be produced and picked up by courier at the respective law firm offices in Los Angeles (CLF), Oakland (TZ), and Collingswood, New Jersey (MS). Defendant's Motion seeks compliance with the most recent April 29, 2021 version of the subpoenas. <u>See</u> Br. in Supp. at *2.

control" of non-parties. Specifically, ". . . the serving party may move the court for the district where compliance is required for an order compelling production . . . " FED. R. CIV. P. 45(d)(2)(B). The permissible scope of discovery sought under Rule 45 is the same as Rule 26(b). In re Novo Nordisk Sec. Litig., 530 F. Supp. 3d 495, 501 (D.N.J. 2021). Under Rule 26(b)(1),

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). Under Rule 26(b)(2)(C),

> [o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

FED. R. CIV. P. 26(b)(2)(C); see also New Jersey Physicians United Reciprocal Exch. v. Boynton & Boynton, Inc., No. CIV.A. 12-5610, 2014 WL 4352327, at *4 (D.N.J. Sept. 2, 2014) ("[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C).").

Rule 26 is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage. Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc., 92 F.R.D. 371, 375 (D.N.J. 1981). "Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999). A party seeking discovery bears the initial burden of demonstrating the requested discovery is relevant to its claim or defense. Morrison v. Phila. Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the objecting party must demonstrate 'that the requested documents either do not come within the broad scope of relevance defined pursuant to Federal Rule of Civil Procedure 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" Baier v. Princeton Off. Park, L.P., No. 3:08-CV-5296, 2018 WL 5253288, at *4 (D.N.J. Oct. 22, 2018) (quoting Barnes Found. v. Twp. of Lower Merion, No. CIV. A. 96-372, 1996 WL 653114, at *1 (E.D. Pa. Nov. 1, 1996); see also Cristobal v. Cty. of Middlesex, No. CV164493, 2018 WL 4688337, at *2 (D.N.J. Sept. 28, 2018). "Although a party is permitted to seek documentary evidence from a third party through the issuance of a Rule 45 subpoena, the court may limit a party's use of a subpoena if it determines that the discovery is 'outside the scope permitted

5

by Rule 26(b)(1).'" Turner v. Off. Depot, Inc., No. 2:18-CV-779, 2019 WL 11277045, at *2 (M.D. Ala. Oct. 25, 2019) (quoting FED. R. CIV. P.(b)(2)(C)). Indeed, "[a] court may limit or deny otherwise appropriate discovery when the information sought is not proportional to the needs of the case when certain factors are considered, including burden and expense." In re EthiCare Advisors, Inc., No. CV 20-1886), 2020 WL 4670914, at *3 (D.N.J. Aug. 12, 2020) (citing Schick v. Cintas Corp., 2020 WL 1873004, at *3 (D.N.J. Apr. 15, 2020)); see also Travelers Indem. Co. v. Metro. Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005) (observing that the court is required to weigh the burden to the subpoenaed party against the value of the information to the serving party); In re EthiCare Advisors, Inc., No. CV 20-1886, 2020 WL 4670914, at *3 (D.N.J. Aug. 12, 2020) (denying motion to compel compliance with subpoena served on non-party upon finding movant had not shown the information sought was relevant, and even if it had some minimal possible relevance, it would not be proportional to the needs of the case when considering the full range of interests involved).

The Court's discretion to require compliance with a subpoena is further guided by Rule 45(d), which provides that

> [a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction-which may include lost earnings

and reasonable attorney's fees-on a party or attorney
who fails to comply.

FED. R. CIV. P. 45(d)(1). Additionally, "the required Rule 26(b)(1)
proportionality analysis may be different when the interests of a
third-party are weighed as opposed to a party." In re: Riddell
Concussion Reduction Litig., No. 13-7585, 2016 WL 4119807, at *4
(D.N.J. July 7, 2016).

Both parties agree that in applying Rules 26 and 45, the Court
must balance several competing factors to assess the
reasonableness of a subpoena: (1) relevance, (2) the party's need
for the documents, (3) the breadth of the document request, (4)
the time period covered by it, (5) the particularity with which
the documents are described, (6) the burden imposed, and (7) the
subpoena recipient's status as a nonparty to the litigation.
Mallinckrodt LLC v. Actavis Lab'ys FL, Inc., No. 215CV3800, 2017
WL 5476801, at *2 (D.N.J. Feb. 10, 2017) (citing Biotechnology
Value Fund, L.P. v. Celera Corp., No. CIV.A. 14-4046 PGS, 2014 WL
4272732, at *2 (D.N.J. Aug. 28, 2014)); Br. in Supp. at *6; Br. in
Opp. at *13.

## III. Discussion

The Court is tasked with determining whether Defendant's
subpoena seeks relevant and proportional information within the
frameworks of Rules 45 and 26 such that compelled disclosure should

be ordered. However, first, the Court must address a potential jurisdictional issue concerning two of the three subpoenas.

On April 15, 2021, following an April 12, 2021 conference call with the Court, Defendant served notices of subpoenas and subpoenas duces tecum to MS, CLF and TZ, which required production in the District of New Jersey. See Price Decl. ¶ 9, Exhibit E. Thereafter, Plaintiff's counsel served objections to the April 15, 2021 subpoenas. One of the objections – that the subpoenas required production more than 100 miles from the offices of the Plaintiff's counsel - was not addressed during the call.

In response, Defendant served new, updated subpoenas. See Price Decl. ¶ 11, Exhibit F. These subpoenas provided that the requested documents would be produced and picked up by courier at the following locations:

| Entity | Date and Time of Compliance | Location of Compliance |
|---|---|---|
| CLF (Doc. No. 85-2, pp. 89-93) | May 21, 2021 at 10:00 a.m. | 9255 Sunset Blvd, Suite 804, Los Angeles CA 90069 |
| Shepherd, Finkelman, Miller & Shah, LLP (treated as MS for this motion) (Doc. No.85-2, pp. 94-98) | May 21, 2021 at 10:00 a.m. | 475 White Horse Pike, Collingwood NJ 08017 |
| TZ (Doc. No. 85-2, pp. 99-107) | May 21, 2021 at 10:00 a.m. | 483 Ninth Street, Suite 200, Oakland CA 94607 |

Accordingly, the operative subpoenas in question are those identified at Exhibit F to Mr. Price's Declaration, two of which

8

call for production in California (CLF and TZ), and one in the District of New Jersey (MS). Prior to addressing the merits of the Motion, as to the CLF and TZ subpoenas, the Court requests that the parties address whether the Motion as presented for those subpoenas is now properly before this Court.

Rule 45 requires that the party seeking compliance with its subpoena file such motions to compel in "the district where compliance is required." FED. R. CIV. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection"). See United States ex rel. Ortiz v. Mount Sinai Hosp., 169 F. Supp. 3d 538, 544 (S.D.N.Y. 2016) (remedy for non-compliance with subpoena is to file a motion to compel in the district where compliance was required). Here, as the Court understands, two of the three revised subpoenas require compliance in California, specifically at locations in Los Angeles and Oakland. The prevailing rule across federal courts is that a subpoena's place of compliance is the district where documents are to be produced. See Collins v. Koch Foods, Inc., MC 119-008, 2019 WL 2520308 (S.D. Ga. June 18, 2019); Westmore Equities, LLC v. Vill. Of Coulterville, 2016 WL 695896, at *2 (S.D. Ill. Feb. 22, 2016) (the location where the subpoena commands the documents be produced is the place where compliance is required); Montgomery v. Risen, 2015 WL 12672704, at *1 (S.D.

9

Cal. Oct. 30, 2015) (same); Agri-Labs Holdings, LLC v. TapLoqic, LLC, 2015 WL 13655779, at *1 (N.D. Ind. Oct. 20. 2015)(same); Tomelleri v. Zazzle, Inc., 2015 WL 400904, at *2 (D. Kan. Jan. 28, 2015) (same). Accordingly, under the plain language of Rule 45 it appears that, based on the way the subpoenas are drafted, the district of compliance for the CLF subpoena is the Central District of California and for the TZ subpoena, it is the Northern District of California.

As the Court is raising this issue sua sponte, it will give the parties an opportunity to address this jurisdictional issue. Accordingly, for the CLF and TZ subpoenas only, the Court denies Defendant's Motion without prejudice to refile within thirty days of the entry of this Order. Any refiled motion shall require the parties to meet and confer and address whether this Court is the proper district to rule on the motions. See Gutierrez v. Uni Trans, LLC, No. CV 21-73, 2021 WL 2821071, at *2-3 (D.N.M. July 7, 2021).

Because the revised subpoena issued on April 29, 2021 to MS directed MS to produce the requested documents (comply) in the District of New Jersey, the Court shall address the merits of the subpoena in terms of the scope of discoverable information. Turning first to the issue of relevance, the subpoena to MS ostensibly seeks information about whether Mr. Shah is adequately positioned to prosecute this class action. "Rule 23 is designed to assure that courts will evaluate . . . counsel's ability to fairly and

adequately protect class interests." In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig., 55 F.3d 768, 799 (3d Cir. 1995). Rule 23(g) sets forth mandatory and optional factors for a court to consider in making an appointment of class counsel. FED. R. CIV. P. 23(g). In making class counsel appointments, a court "must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" FED. R. CIV. P. 23(g)(1)(a). Additionally, courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" FED. R. CIV. P. 23(g)(1)(B).[4] Although

---

[4] The Third Circuit Task Force Report on Selection of Class Counsel set forth several additional factors to consider in choosing lead counsel, including: (1) whether counsel's client has the ability and motivation to monitor counsel's work for the class; (2) whether counsel represents a plaintiff with a significant economic stake in the litigation; (3) whether counsel has a good sense of what the case is about and what its value might be; (4) whether counsel has prosecuted the lawsuit to this point with greater energy and to better effect than other contestants by creating work product that will be useful in the future of the litigation; and (5) whether the court has previous experience with counsel that is relevant to counsel's likely performance in this action. See Report: Third Circuit Task Force on Selection of Class Counsel, 208 F.R.D. 340, 419-20 (3d Cir.2002); Durso v. Samsung Elecs. Am., Inc., No. 2:12-CV-5352, 2013 WL 4084640, at *3 (D.N.J. Aug. 7, 2013).

the appointment of class counsel is made by the district court and does not directly relate to a party's substantive "claim or defense," discovery focusing on the prerequisites for class certification provided by FED. R. CIV. P. 23(a) is permitted. See Conner v. Perdue Farms, Inc., No. CIV.A. 11-888, 2013 WL 5977361, at *5 (D.N.J. Nov. 7, 2013).[5]

Defendant argues that the sought-after orders at issue potentially contain information bearing on the adequacy of Plaintiff's Counsel to represent the putative class. Specifically, Defendant contends the orders

> are likely to have information demonstrating that counsel is not qualified to represent the proposed class . . . by pointing Defendant to any evidence of lack of qualification that has been considered by past courts indicating that counsel may not prosecute the action adequately and vigorously on behalf of the proposed class . . . [and] may also point Defendant to evidence demonstrating conflicts of interest between class counsel and the proposed class.

Br. in Supp. at *7. According to Defendant, an order denying or approving Counsel as class counsel in another matter could contain information or statements from the Court regarding Plaintiff's Counsel's qualification, or lack thereof, that would be pertinent

---

[5] Even when information is not directly "relevant to any party's claim or defense claims" in the pleadings as contemplated under Rule 26(b), the information still may be related to the broader subject matter at hand and meet the subpoena rule's good cause standard. Sanyo Laser Products, Inc. v. Arista Records, Inc., 214 F.R.D. 496, 502 (S.D. Ind. 2003); Swoope v. Gary Cmty. Sch. Corp., No. 2:10 CV 423, 2012 WL 2064602, at *1 (N.D. Ind. June 7, 2012).

to the forthcoming class certification analysis in this matter. Reply Br. at *6. Defendant further maintains that such orders may likewise contain information that could demonstrate a conflict of interest. Br. in Supp. at *7.

Plaintiff's Counsel, on the other hand, take the position that the requested orders would not reveal information relevant to the adequacy inquiry. See generally Br. in Opp. According to Plaintiff's Counsel, this is because multiple competing firms often seek appointment as class counsel, and orders denying appointment generally focus on the qualifications of other firms, rather than any deficiencies or incompetence on the part of plaintiff's counsel. Id. at *10. To reinforce this contention, Plaintiff's Counsel submitted a sampling of orders from 2020 in which courts either appointed Plaintiff's Counsel, or not, without finding any competing counsel inadequate. In further support of its objection, Plaintiff's Counsel maintain that "Plaintiff's counsel of record have never been denied appointment based on a lack of qualifications or competency to adequately or fairly represent a class[.]" Id. Of particular relevance here, Mr. Shah has sworn under penalty of perjury that "I have never been denied a lead or co-lead position on the basis that I was inadequate to serve in that capacity, let alone some sort of interest that conflicts with New Jersey purchasers of Serovital between November 13, 2013 and present. Declaration of James Shah ¶ 4 [Doc. No. 94-

3].[6] Plaintiff's Counsel also produced firm resumes listing representative appointments as class counsel and, specifically for the MS motion before the Court, Mr. Shah has addressed certain representative class actions in his Declaration. See Declaration of Katherine A. Bruce ¶ 2, Exhibit 17 [Doc. Nos. 94-1, 94-20] (including Shah and Zipperian resumes); Shah Decl. ¶ 11.

Upon careful consideration, the Court finds the asserted connection between the orders sought by Defendant as to MS and information potentially demonstrating counsel is not qualified is tenuous, at best.[7] While the contents of prior orders could

---

[6] The Court notes that this declaration was made, and briefing was complete, prior to Mr. Zipperian of MS filing a notice of appearance on July 27, 2021. However, the Court has received no information to suggest that Mr. Zipperian has been denied appointment as class counsel based on lack of qualifications or competency, or due to some interest that conflicts with that of the putative class. Certainly, if such an issue did exist, Plaintiff's Counsel would have amended their filings, as Plaintiff's Counsel has vigorously maintained that all Plaintiff's Counsel of record have never been denied appointment due to lack of qualifications, competency, or conflicts of interest with the putative class. Moreover, Mr. Shah represented on the record that "this is not a circumstance where our firms (emphasis added) have been deemed inadequate over and over, much less even once." April 12, 2021 Hearing Tr. at 27:21-23 [Doc. No. 82]. Additionally, the subpoena in question applied to counsel of record as of May 2021, when the subpoena was returnable, which was prior to Mr. Zipperian entering an appearance in this case.

[7] In evaluating this Motion, the Court relies upon Defendant's asserted basis for relevance, that is, the orders "are likely to have information demonstrating that counsel is not qualified to represent the proposed class . . . by pointing Defendant to any evidence of lack of qualification that has been considered by past courts indicating that counsel may not prosecute the action adequately and vigorously on behalf of the proposed class . . .

conceivably bear on the adequacy of counsel, the Court is generally unpersuaded that the same is sufficiently probative of relevant facts that would assist in resolving the issue. First, orders appointing counsel in class actions, in the main, speak very little to the lack of qualifications (if any) of competing firms not appointed. As Plaintiff's Counsel aptly observes, orders denying appointment generally focus on the qualifications of other firms, rather than any deficiencies or incompetence on the part of competitors.

Second, in further support of the relevancy objection, Plaintiff's Counsel submitted sworn declarations representing that they have never been denied appointment based on a lack of qualifications or competency to adequately or fairly represent a class. For the purpose of the MS motion, and as already addressed, Mr. Shah has submitted a Declaration, under penalty of perjury, representing that "I have never been denied a lead or co-lead position on the basis that I was inadequate to serve in that capacity, let alone some sort of interest that conflicts with New Jersey purchasers of Serovital between November 13, 2013 and present. Shah Decl. ¶ 4. He has also represented on the record that "this is not a circumstance where our firms have been deemed

---

[and] may also point Defendant to evidence demonstrating conflicts of interest between class counsel and the proposed class." Br. in Supp. at 7.

inadequate over and over, much less even once." April 12, 2021 Hearing Tr. at 27:21-23. Attentive to Defendant's concern, the Court is conscious not to simply take counsel at its word in this regard. However, the Court declines to categorically discount counsel's sworn statement in exploring the substance of the objection and determining whether it has support or is instead purely theoretical. Importantly here, Mr. Shah has not merely put forth some generic ipse dixit assertion that the orders are irrelevant. Rather, counsel submitted a declaration and made a representation to the Court, on the record that he and the MS firm have never been denied appointment for lack of qualifications or competency to adequately represent a class. The Court therefore finds these statements to be an appropriate subject of consideration in assessing the validity of Counsel's interposed relevance objection, especially where the public nature of the orders avail these statements to independent interrogation.

Third, it is difficult to see how orders appointing Plaintiff's Counsel, namely Mr. Shah or attorneys at MS, in other cases "are likely to have information demonstrating that counsel is not qualified to represent the proposed class." Indeed, it is unclear what exactly Defendant hopes to glean that would vindicate its theory from an order in which Plaintiff's Counsel, namely Mr. Shah or attorneys at MS, by virtue of the order, have been found

16

capable of adequately representing the interest of class by a court.

Fourth, the asserted relevance is even more dubious when viewed against the subpoena's unlimited temporal scope. Though relevancy is broadly construed, like all other matters of procedure, discovery has ultimate and necessary boundaries. Fundamentally, here Defendant has provided no nonspeculative basis for believing that the orders at issue here would raise inadequacy concerns. See Tessera, Inc. v. Broadcom Corp., No. CV 16-380, 2017 WL 4876215, at *2 (D. Del. Oct. 24, 2017) ("requested information is not relevant . . . if the inquiry is based on the party's mere suspicion or speculation.").

Requests that relate to information unquestionably relevant to the legal issues raised in a case should be honored. However, when the requests approach the outer bounds of relevance and the information requested may only marginally enhance the objectives of providing relevant information to the parties or narrowing the issues, the Court must then weigh that request with the hardship to the party served with the subpoena.[8] Balancing the costs

---

[8] "[A] discovery request may be denied if, after assessing the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues, the District Court finds that there exists a likelihood that the resulting benefits would be outweighed by the burden or expenses imposed as a consequence of the proposed discovery." EEOC v. FAPS, Inc., No.

associated with production against the needs of the case, the relative importance of the orders to the issues at stake, and the availability of the orders from other sources, the Court finds that requiring MS to comply with the subpoena would impose an undue burden overshadowing any likely redounding benefit. "Before a court will entertain a party's objection based on burdensome grounds, the party asserting the objections must submit an affidavit or offer evidence which reveals the nature of the burden." Reid v. Cumberland Cty., 34 F. Supp. 3d 396, 414 (D.N.J. 2013) (citing Valentin v. School District of Philadelphia, No. 2:11-cv-4027, 2012 WL 676993, at *2 n. 2 (E.D.Pa. Mar. 1, 2012). According to the sworn declarations of Mr. Shah, compliance with the subpoena would take hundreds of man-hours to complete and would require searching files, both hard copy and electronic, in six states throughout the country, as the firm does not maintain any comprehensive list or file that contains every single order regarding the appointment of counsel. Shah Decl. ¶ 7. The Court is therefore well-positioned to find that counsel has articulated a specific burden and harm that would arise from the production of the orders.

Defendant's counter to this point centers around the claim that they have attempted to compromise and have more narrowly

---

10-3095, 2012 WL 1656738, at *23 (D.N.J. May 10, 2012); Reid v. Cumberland Cty., 34 F. Supp. 3d 396, 413-14 (D.N.J. 2013).

tailored the subpoena from the subpoenas served in the <u>Pizana</u> matter,[9] the relative expenditure of time and resources involved in its own productions to Plaintiff, as well as the fact that Plaintiff's Counsel are in a better position to identify the documents.[10] <u>See generally</u> Br. in Supp. and Reply Br. The Court finds these considerations are insufficient to justify compelling disclosure, however, where the substantial cost and inconvenience of compliance would be grossly disproportionate to any added value of the requested orders. Placing Defendant's requests into perspective, the requested orders are unlikely to resolve issues of adequacy at the class certification stage and certainly are not relevant to the merits and central issues involved in the underlying litigation. Moreover, to require counsel to search for documents that it has certified and represented do not exist is likely to result in the waste of resources. Perhaps a more expansive view of discovery could be warranted were legitimate

---

[9] "<u>Pizana</u>" refers to the related action entitled <u>Pizana v. Sanmedica International, LLC</u>, USDC, E.D. Cal. No. 1:18-cv-0644-DAD-SKO, filed by plaintiff Raul Pizana, by and through CLF and TZ, to represent a class of California consumers, similar to the putative class in this case.

[10] Defendant describes what is often called "information asymmetry." <u>See</u> Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. One party may have very little discoverable information. <u>Id.</u> The other party may have vast amounts of information. <u>Id.</u> In practice, these circumstances often mean that the burden of responding to discovery lies heavier on the party who has more information, and properly so. <u>Id.</u>

concerns raised about conflict or qualifications. However, this is not the case here. Additionally, while the subpoena to MS is more narrowly tailored than those served in Pizana – it eliminates request numbers 7 and 8 (motions to disqualify as class counsel filed against any member of the firm and opposition thereto) and limits request numbers 9 and 10 to the attorneys currently counsel of record as of April 29, 2021), Mr. Shah – a name partner at SFMS and MS – has appeared in the majority of the class actions, in which SFMS and MS have been involved. Shah Decl. ¶ 6. Indeed, any lesser burden associated with searching the hundreds of files spread out over six states under the language of the revised subpoena seems limited at best.

In view of the foregoing, the Court finds that the burden and potential harm occasioned by compliance would outweigh the ordinary presumption in favor of broad disclosure. Moreover, the Court finds that the material sought are orders, that by their very nature, are publicly available to the Defendant. Indeed, while Defendant contends that the orders are easier for Plaintiff's Counsel to obtain than it would be for Defendant to search public records, the fact remains that this is not information uniquely available to the Plaintiff. Taking into account the marginal relevance of the records and the burden on MS to compile the records, this Court agrees with the Court's decision in Pizana, namely, if Defendant believes that it needs these records,

"Defendant can conduct a public record search for orders and related filings on PACER, Lexis Nexis, Westlaw, and other legal resources to obtain the documents it is seeking." <u>Pizana v. Sanmedica Int'l, LLC</u>, No. 118CV00644, 2021 WL 1060440, at *5 (E.D. Cal. Mar. 18, 2021).

Because the Court can resolve this dispute employing the basic proportionality standard under Rule 26(b)(1), it is unnecessary to determine whether Defendant's subpoena should be subject to heightened scrutiny.[11]

## IV. <u>Conclusion</u>

For the foregoing reasons, it is on this **29th** day of **December, 2021** hereby **ORDERED** that Defendant Sanmedica International, LLC's "Motion to Compel Compliance with rule 45 Subpoenas" [Doc. No. 85] served on MS is **DENIED**; and it is further

**ORDERED** that the Motion, as it relates to the subpoenas served on CLF and TZ is **DENIED** without prejudice. Defendant, after conferring with Plaintiff, shall have thirty days from the entry of this Order to refile any motion further addressing the jurisdictional issue raised by the Court herein.

---

[11] The Court notes, however, that while it is mindful of Plaintiff's Counsel's interest in the underlying litigation, Defendant has not identified any case law suggesting that an interested non-party has any lesser protection against unduly burdensome discovery under FED. R. CIV. P. 45. See <u>In re Centrix Fin., LLC</u>, No. CIV.A. 12-6471, 2012 WL 6625920, at *6 (D.N.J. Dec. 18, 2012).

<u>s/ Matthew J. Skahill</u>
MATTHEW J. SKAHILL
United States Magistrate Judge

cc:  Hon. Noel L. Hillman