UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOLLY DIEBLER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>V.<br><br>SANMEDICA INTERNATIONAL, LLC, et al.,<br><br>Defendant. | No. 1:19-cv-20155-NLH-MJS<br><br>**OPINION** |

JAMES C. SHAH
NATHAN ZIPPERIAN
MILLER SHAH LLP
2 HUDSON PLACE
SUITE 100
HOBOKEN, NJ 07030

   *Counsel for Plaintiffs*

DANIEL J. COHEN
NEWMAN & SIMPSON, LLP
32 MERCER STREET
HACKENSACK, NJ 07601

   *Counsel for Defendant*

**HILLMAN**, **District Judge**

   Presently before the Court is an appeal by SanMedica International, LLC ("Defendant") of the Magistrate Judge's

decision to allow Holly Diebler ("Plaintiff") to file an amended complaint. (ECF 131). For the reasons expounded below, the Court will affirm the Magistrate Judge's rulings.

## BACKGROUND

The instant appeal stems from the Honorable Matthew J. Skahill's October 28, 2021 Opinion and Order which granted in part and denied in part Plaintiff's motion to amend the complaint. (ECF 129, 130). The Court refers the parties to the recitation of the factual background as set forth in Judge Skahill's Opinion and will not reiterate it here. (See ECF 129). Instead, the Court will only recite the background relevant to the instant appeal.

This action was originally filed on November 13, 2019. (ECF 1). In that complaint, Plaintiff challenged the advertising and efficacy of SeroVital-hgh ("SeroVital"), a purported Human Growth Hormone ("HGH") supplement sold by Defendant. (See generally id.). The parties engaged in motion practice for Defendant's motion to dismiss which this Court granted in part and denied in part on September 22, 2020. (ECF 29, 30). Thereafter, on October 21, 2020, the Honorable Joel Schneider, the Magistrate Judge presiding over the case at that time,[1] issued an order giving Plaintiff until March 1, 2021 to

---

[1] Judge Skahill became the Magistrate Judge presiding over this matter on March 12, 2021.

2

file a motion to amend the complaint. (ECF 37). Plaintiff filed her motion for leave to amend on March 1, 2021 in accordance with the October 21, 2020 Order. (ECF 66). As relevant to the instant appeal, Plaintiff moved to amend the complaint in order to add new plaintiffs, new defendants, and a claim pursuant to the Racketeer Influenced and Corrupt Organization Act, ("RICO"), 18 U.S.C. § 1962(a), (c)-(d) (See ECF 66). On October 28, 2021, Judge Skahill granted in part and denied in part the motion. (ECF 129, 130). As relevant here, Judge Skahill granted leave to amend to include the proposed plaintiffs and defendants to add a RICO claim. (ECF 129). Defendant appealed that decision on November 10, 2021. (ECF 131). Briefing is now complete and the appeal is ripe for this Court's review.

## DISCUSSION

### I. Standard for District Court Review of an Order by a Magistrate Judge

A District Court may reconsider an order of a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "Under the 'clearly erroneous' standard,... in the absence of clearly defined parameters, a Magistrate has wide discretion to make interstitial rulings of law in the interests of justice and fairness, provided that the Magistrate's opinion

is based on clearly articulated principles." <u>Schroeder v. Boeing Com. Airplane Co., a div. of Boeing Corp.</u>, 123 F.R.D. 166, 169 (D.N.J. 1988).  Before finding that a magistrate judge's decision was "clearly erroneous" the District Court reviewing the decision must be "'left with the definite and firm conviction that a mistake has been committed.'" <u>Lawson v. Praxair, Inc.</u>, 2021 WL 1207494, at *2 (D.N.J. Mar. 30, 2021)(quoting <u>Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.</u>, 131 F.R.D. 63, 65 (D.N.J. 1990)).  Similarly, the District Court may only hold that the magistrate judge's opinion was "contrary to law" when "it misinterpreted or misapplied applicable law." <u>Id</u>. at *2.

A motion to amend a complaint is "usually considered non-dispositive." <u>Kuchinsky v. Pressler & Pressler, LLP</u>, 2014 WL 1679760, at *2 (D.N.J. 2014) (quoting <u>Gutierrez v. Johnson & Johnson</u>, 227 F.R.D. 255, 257 (D.N.J. 2005) (quoting <u>Thomas v. Ford Motor Co.</u>, 137 F.Supp.2d 575, 579 (D.N.J.2001) ); <u>see also</u> L. Civ. R. 72.1(c)(2) (listing dispositive motions: motions for injunctive relief (including temporary restraining orders and preliminary injunctions), for judgment on the pleadings, for summary judgment, to dismiss or permit the maintenance of a class action, to dismiss for failure to state a claim upon which relief may be granted, to involuntarily dismiss an action, for judicial review of administrative determinations, for review of

4

default judgments, and for review of prisoners' petitions challenging conditions of confinement).

When, however, a magistrate judge's decision on a non-dispositive motion contains dispositive elements, those findings are reviewed de novo.[2]  Thomas, 137 F.Supp.2d at 579; cf. Kenny v. U.S., 489 Fed.App'x. 628, 630 n.2 (3d Cir. 2012) (noting that "neither we nor our sister circuits appear to have resolved the precise issue here—whether a motion to amend that in practice results in dismissal is a dispositive motion—and the authority in the District of New Jersey is divided on this question").

## II. **Decision to Grant Leave to Amend**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading . . . with the opposing party's written consent or the court's leave."  Leave to amend is to be freely granted unless there is a reason for denial, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Arthur v. Maersk, 434 F.3d 196, 204 (3d. Cir. 2006) ("Among the factors that may justify denial of leave to amend are undue delay, bad

---

[2] The parties do not dispute that this was a non-dispositive motion.  (ECF 131 at 3-4; ECF 139 at 5).

5

faith, and futility.").

District courts "should freely give leave to amend when justice so requires." Schomburg v. Dow Jones & Co., 504 F. App'x 100, 103 (3d Cir. 2012) (citing Rule 15(a)(2)) (internal alterations omitted). "Thus, leave to amend ordinarily should be denied only when amendment would be inequitable or futile." (Id.) "[T]hese principles apply equally to *pro se* plaintiffs and those represented by experienced counsel." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). "Futility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" Burtch v. Milberg Factors, Inc., 662 F.3d 212, 231 (3d Cir. 2011) (quoting Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010)). Courts have held amendment to be inequitable where the plaintiff already had an opportunity to amend the complaint. Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000) ("[W]e are inclined to give the District Court even broader discretion when, as here, the court has already granted the requesting party an opportunity to amend its complaint."); McMahon v. Refresh Dental Mgmt., LLC, 2016 WL 7212584, at *11 (W.D. Pa. Dec. 13, 2016) ("The court need not provide endless opportunities for amendment, especially where such opportunity already has been enjoyed.") (internal alterations and quotation marks omitted).

6

### a. Judge Skahill's Decision Regarding Undue Delay

Defendant first attacks Judge Skahill's decision on the basis that he misapplied the law in his determination that amendment would not constitute undue delay. (ECF 131 at 4). It bases this contention on three points. First, it argues that motion practice in a case filed in October 2016 by Plaintiff's counsel in the Central District of California, Martin v. SanMedica International, LLC, Case No. 2:16-cv-07794 (C.D. Cal., filed Oct. 19, 2016), shows that Plaintiff was aware of other potential defendants, actionable claims, and products years ago. (Id. at 5-6).

Defendant specifically states that Plaintiff should have known of Sierra Research Group, LLC, the alleged research and development entity for the HGH products that are the subject of the amended complaint, and Novex Biotech, LLC, the alleged manufacturer for an HGH supplement identical to SeroVital, GF9. (Id.; ECF 129 at 3). Similarly, Defendant contends that Plaintiff should have known of the GF9 product made by Novex Biotech, LLC and should have known of Defendant's advertising claims for SeroVital related to a 682% mean increase in HGH. (ECF 131 at 5-6). The basis for this contention is the allegation that Plaintiff's counsel referenced them in briefing in the Martin case. Defendant states that in 2017 in the Martin case, Plaintiff's counsel cited two cases out of the Ninth

7

Circuit that dealt with those entities, products, and claims and explicitly referenced the GF9 product and the claim that SeroVital cause a 682% mean increase in HGH in its briefing. (Id.)  This, it argues, shows that Plaintiff should have included those entities and claims in her initial complaint in this matter because she had notice.  (Id.)

Second, Defendant argues that Judge Skahill improperly credited Plaintiff's averments that she did not learn of other potential parties and claims until depositions took place in 2020 in another matter, Pizana v. SanMedica International, LLC, No. 1:18-cv-00644 (E.D. Cal., filed May 9, 2018).  (Id. at 6-9). Plaintiff's counsel filed the Pizana matter against Defendant in 2018.  (Id. at 2).  Defendant claims that in crediting these averments, Judge Skahill ignored that Defendant showed that Plaintiff had prior knowledge of other individuals and entities she wishes to now sue.  (Id. at 6-9).  It alternatively argues that there was readily available public information that Plaintiff could have accessed through a few searches to alert her to the identity of the newly proposed defendants.  (Id.)  In addition, it contends that, even taking Plaintiff's claim that she learned of new information during the Pizana depositions, that does not account for Plaintiff's representation to Defendant in September 2020 that she planned to seek leave to amend but did not do so until March 2021. (Id.)

8

Third, Defendant argues that Judge Skahill's statement that there was not undue delay because discovery was just beginning in this matter ignores that discovery in Pizana had been ongoing for a long time. (Id. at 9-10). It argues that this matter cannot be considered in a vacuum where the parties are so similar to Pizana. (Id.)

None of Defendant's arguments on undue delay are availing. Defendant has not shown that Judge Skahill's decision was clearly erroneous or contrary to law. Rather, it rehashes the arguments it made in its opposition to Plaintiff's motion to amend and asks this Court to come to a different result. (Compare ECF 70 at 10-13, with ECF 131 at 4-10). This does not show that Judge Skahill's decision was clearly erroneous or contrary to law. Omojola v. ARC of Ocean Cnty., No. CV 19-20354 (FLW), 2022 WL 1055482, at *4 (D.N.J. Mar. 16, 2022) (holding that where the plaintiff merely rehashed arguments in an appeal of the magistrate judge's decision, they had not shown that the decision was clearly erroneous or contrary to law). Judge Skahill specifically discussed Defendant's arguments regarding Martin, the two cases out of the Ninth Circuit, and Pizana when considering the argument on undue delay. (ECF 129 at 7-12). Judge Skahill simply found that all of these segregated pieces of information were not enough for Plaintiff's to understand the "interrelationship" between Defendant and the proposed

9

defendants such that they should have sought to amend the complaint earlier. (Id. at 12). That determination is not clearly erroneous and Defendant has not pointed to a single case that would make it contrary to law. Thus, the Court finds no error in Judge Skahill's finding on undue delay.

### b. Judge Skahill's Determination Regarding Prejudice

Defendant next argues that Judge Skahill misapplied the law regarding prejudice to it in granting leave to amend. (ECF 131 at 10). First, Defendant argues that Judge Skahill erroneously relied on Second and Tenth Circuit caselaw on the standard for prejudice. (Id. at 10-13). It also argues that Judge Skahill ignored the fact that discovery was not just beginning if one takes into account the discovery timeline in Pizana. (Id.) In addition, Defendant contends that Judge Skahill inappropriately applied a balancing test for prejudice whereas he should have denied leave to amend if he found any prejudice. (Id.)

Next, Defendant takes issue with Judge Skahill's conclusion that there would not be prejudice to Defendant because the parties here could rely on the Pizana discovery to save resources. (Id.) Defendant argues that the issue with Judge Skahill's conclusion is that the proposed defendants did not have their discovery interests represented in Pizana and therefore it would be inappropriate to use the results of that discovery in this case. (Id.) Finally, it argues that adding

10

new plaintiffs would prejudice it at class certification because it effectively adds time to the proposed plaintiffs' statute of limitations period. (Id.)

Defendant mischaracterizes Judge Skahill's opinion and cites virtually no caselaw in support of its position. First, Judge Skahill clearly relied on Third Circuit law on prejudice when he cited to Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). (ECF 129 at 13). His citation to out of circuit cases in the Second and Tenth Circuit in United States v. Continental Ill. Nat'l Bank & Trust Co., 889 F.2d 1248, 1255 (2d Cir. 1989) and Bylin v. Billings, 568 F.3d 1224, 1230 (10th Cir. 2009) (citing Block v. First Blood Assocs., 988 F.2d 344, 351 (2d Cir. 1993) was simply a reference to other authority consistent with Third Circuit precedent that supported his determination. (ECF 129 at 13). Judge Skahill cited to those cases for the proposition that "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice." (Id.) Defendant states that Judge Skahill should have relied on Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004). (ECF 131 at 11). The irony in this argument is that Long itself cites to the Second Circuit's decision in Block approvingly. Long, 393 F.3d at 400 ("*Block* elaborates a standard for judging prejudice that is compatible with [Robinson v. Johnson, 313 F.3d 128 (3d Cir.2002)], and Rule 15(a) jurisprudence in this Circuit. . . We

11

endorse the Second Circuit approach."). Separately, this Court's review of Judge Skahill's decision shows that his analysis was consistent with Long.

Defendant further cites no law on point for the proposition that Judge Skahill improperly applied a balancing test when he determined that countervailing factors outweighed any prejudice to Defendant. (ECF 131 at 12). Judge Skahill simply followed Third Circuit precedent as explained in Long that "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial [can] be grounded in bad faith or dilatory motive, *truly undue or unexplained delay,* repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Long, 393 F.3d at 400 (emphasis in original) (internal quotation marks omitted). Judge Skahill was not balancing the prejudice between the parties but rather considering all of the factors that the Third Circuit set forth for consideration. (ECF 129 at 12).

As for Defendant's arguments regarding Pizana and the proposed plaintiffs, those are the exact arguments that it made in its opposition to the motion to amend, (ECF 70 at 19-21), and do not point to any clear error or misapplication of law by Judge Skahill. Defendant is just voicing its disagreement with how Judge Skahill viewed those arguments. That is not enough. Omojola, 2022 WL 1055482 at *4.

12

**c. Judge Skahill's Determination Regarding Futility**

Defendant argues that Judge Skahill misapplied the law regarding futility in that he misapplied the law regarding personal jurisdiction, allowed RICO claims to proceed based on speculative standing, and inappropriately found the RICO claims to be plausible.  (ECF 131 at 13-16).  Defendant specifically argues that Judge Skahill allowed Plaintiff to skirt her obligation to state plausible claims on personal jurisdiction when he cited to Synthes, Inc. v. Marotta, 281 F.R.D. 217, 222 (E.D. Pa. 2012) because that case does not take into account the holdings of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  (ECF 131 at 13-14).

First, Judge Skahill decided that Defendant did not have standing to make arguments on the personal jurisdiction of proposed defendants who had not yet appeared.  (ECF 129 at 18). That proposition was not altered by Twombly or Iqbal.  See generally Twombly, 550 U.S. 544; Iqbal, 556 U.S. 662.  Second, courts in the Third Circuit have consistently held that making a determination on personal jurisdiction is premature on a motion to amend since Twombly and Iqbal were decided. Harben v. Amer Sports Co., No. CIV.A. 10-2284, 2010 WL 4978021, at *4 (E.D. Pa. Dec. 8, 2010) ("It is well-established, under federal law, that it is inappropriate to dismiss a case or deny leave to amend based on a *sua sponte* determination of personal

13

jurisdiction."); In re: L'Oreal Wrinkle Cream Mktg. Pracs. Litig., No. 2415, 2015 WL 5770202, at *5 (D.N.J. Sept. 30, 2015) (same); see also Azubuko v. E. Bank, 160 F. App'x 143, 146 (3d Cir. 2005) ("Most federal appellate courts concur that a *sua sponte* dismissal for lack of personal jurisdiction is error."). Thus, Judge Skahill's determination is not contrary to law.[3]

Defendant argues that Judge Skahill's determination that it would be premature for him to determine whether the proposed plaintiffs had standing to sue because it is not clear that the proposed plaintiff purchased a product by the proposed defendants. (ECF 131 at 15-16). Defendant improperly discounts the in-depth analysis that Judge Skahill conducted into Third Circuit law on standing. (ECF 129 at 22-24). Judge Skahill noted that even though it was not alleged that the proposed plaintiffs purchased particular products, in the proposed amended complaint, "Plaintiff has sufficiently alleged that the

---

[3] Defendant latches onto Judge Skahill's use of the word "conceivable" as evidence that Judge Skahill was not applying the proper plausibility pleading standard in his analysis. (ECF 131 at 13-14). But Defendant is just cherry-picking words from Judge Skahill's discussion. Judge Skahill made this statement in the context of discussing a long line of caselaw that address conceivability within the context of personal jurisdiction with Twombly and Iqbal as the backdrop. See, e.g., Curry v. Bram Auto Grp., LLC, No. 220CV12090KSHCLW, 2021 WL 912898, at *3, *6 (D.N.J. Mar. 10, 2021) (discussing Twombly and the using the word "conceivable" to describe an inquiry on personal jurisdiction on motion to amend). It is clear that Judge Skahill was considering personal jurisdiction in the context of Twombly and Iqbal when his analysis is read as a whole.

basis of the claims are the same, the Products are closely related, and the Proposed Defendants are the same." (Id. at 24). Judge Skahill cited to In re L'Oreal Wrinkle Cream Mktg. & Sales Practices Litig. for this proposition and the proposition that further inquiry was only appropriate at the class certification stage. (Id. at 23); In re L'Oreal Wrinkle Cream Mktg. & Sales Pracs. Litig., No. CIV. 2:12-03571 WJM, 2013 WL 6450701, at *4 (D.N.J. Dec. 9, 2013) ("Rather than evaluate standing at the motion to dismiss stage, these courts put off the inquiry until class certification, so long as three criteria are met. First, the basis for each of the claims [must be] the same" with respect to the products the class plaintiffs purchased and the products the class plaintiffs did not purchase."). Judge Skahill cited to sound law in the Third Circuit in making this determination and Defendant's arguments boil down to contentions that he should have weighed the facts differently. That is not enough for the Court to reverse Judge Skahill's decision.

Finally, Defendant argues that Judge Skahill erred when he concluded that the proposed RICO claim was plausible. (ECF 131 at 24). Defendant argues that the error is due to the fact that the proposed amended complaint only presented boilerplate and speculative allegations in connection with the RICO claim. (Id.) Here, it does not appear that Defendant is arguing that

15

Judge Skahill used the incorrect legal standard but applied the law incorrectly.  The Court disagrees.  Judge Skahill's analysis shows that he carefully parsed the allegations in the proposed amended complaint when he concluded, "Here, Plaintiff's Proposed Amended Complaint is replete with averments of fact demonstrating the relationship between Defendant and Proposed Defendants and each one's distinct role in the alleged enterprise. The Court finds these allegations of an association-in-fact enterprise are sufficient for purposes of Rule 15." (ECF 129 at 36).  The Court does not find this analysis clearly erroneous or contrary to law.

## CONCLUSION

For the reasons expressed above, Judge Skahill's decision granting in part and denying in part leave to amend (ECF 129, 130) will be affirmed in its entirety.

An appropriate Order will be entered.


Date: October 31, 2022             s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.