# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

HOLLY DEIBLER, EDWARD
LENHART, AND DIANE LENHART,
Individually and on behalf of
all others similarly
situated,

        Plaintiffs,

   v.

BASIC RESEARCH, LLC; BR COS,
LLC; BASIC RESEARCH HOLDINGS,
LLC; BASIC RESEARCH
INTERMEDIATE, LLC; SIERRA
RESEARCH GROUP, LLC; MAJESTIC
MEDIA, LLC; CRM SPECIALISTS,
LLC; BYDEX MANAGEMENT, LLC;
SANMEDICA INTERNATIONAL,
LLC; LIMITLESS WORLDWIDE,
LLC; NOVEX BIOTECH, L.L.C;
BODEE GAY; GINA DAINES; HALEY
BLACKETT; KIMBERLY HAWS
(f/k/a KIMBERLY HUMPHERYS);
and MITCHELL K. FRIEDLANDER

        Defendants.

1:19-cv-20155-NLH-MJS

**OPINION AND ORDER**

---

**HILLMAN**, District Judge

    WHEREAS, on January 31, 2023, Defendants Bodee Gay, Gina
Daines, Haley Blackett, and Kimm Humpherys moved to dismiss
Plaintiffs' first amended complaint ("FAC") pursuant to Federal
Rules of Civil Procedure 12(b)(2) and (6) or, in the
alternative, transfer this action to the United States District

Court for the District of Utah, (ECF 178), and Defendants Basic Research, LLC; BR COS, LLC; Basic Research Holdings, LLC; Basic Research Intermediate, LLC; Sierra Research Group, LLC; Majestic Media, LLC; CRM Specialists, LLC; Bydex Management, LLC; SanMedica International, LLC; and Novex Biotech, LLC moved to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6), or, in the alternative, transfer to the District of Utah, (ECF 183); and,

WHEREAS, on that same date, Defendant Mitchell K. Friedlander moved to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6), (ECF 174), and Defendant Limitless Worldwide, LLC ("Limitless") moved to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and (2), (ECF 181), but neither sought transfer in the alternative; and,

WHEREAS, on March 30, 2023, the Court permitted Plaintiffs to file two omnibus oppositions to Defendants' motions, (ECF 213), which Plaintiffs thereafter filed, (ECF 214; ECF 217), with one of the oppositions detailing Plaintiffs' position against transfer to the District of Utah, (ECF 217 at 65-79); and,

WHEREAS, in its September 18, 2023 opinion, the Court expressed its findings as to Defendants' – excluding Limitless and Friedlander – alternative arguments seeking transfer, concluding that the convenience of non-party witnesses, the

2

forum from which Plaintiffs' claims arose, practical considerations including the clear existence of personal jurisdiction over all Defendants, and the relative congestion of the District of New Jersey and District of Utah all favored transfer, (ECF 231 at 20-28, 30-32), while the parties' preferences and convenience, location of records, ability to enforce judgment, local interests, and public policies were either neutral or slightly favored transfer, (id. at 17-20, 29, 32-33), and the only factor disfavoring transfer was this Court's superior familiarity with New Jersey statutory law, (id. at 33-34); and,

WHEREAS, the Court further determined that venue and exercise of subject matter jurisdiction and personal jurisdiction were appropriate in the District of Utah and therefore Plaintiffs may have originally brought this action there, (id. at 13-16); and,

WHEREAS, in its opinion the Court acknowledged that – while it had received the majority of Defendants' positions on transfer by way of their motions and Plaintiffs' position on transfer by way of their opposition – Limitless and Friedlander had not sought transfer and, rather than granting the remaining Defendants' motions in part, the Court determined to deny each pending motion to dismiss as moot in light of the Court's conclusions as to transfer, (id. at 3, 3 n.2, 39-40); and,

WHEREAS, in denying the pending motions as moot, the Court acknowledged its authority to transfer actions sua sponte and provided Limitless and Friedlander thirty days to inform the Court of their respective positions on transfer, to be followed by a corresponding order "following consideration of the supplemental filings, which may include sua sponte transfer," (id. at 3, 3 n.2, 35, 40; ECF 232 at 2); and,

WHEREAS, on September 21, 2023, Friedlander's counsel filed a letter stating that Friedlander does not contest that he is subject to personal jurisdiction in Utah and – without waiving Friedlander's other defenses – agreeing that this matter should be transferred to the District of Utah, (ECF 233); and,

WHEREAS, on September 22, 2023, Limitless' counsel filed a letter stating that Limitless does not contest that it is subject to personal jurisdiction in Utah and – without waiving its other defenses – agreeing that transfer to the District of Utah is appropriate, (ECF 234); and,

WHEREAS, a district court "may transfer any civil action to any other district or division where it might have been brought" for the convenience of the parties and witnesses and in the interest of justice, 28 U.S.C. § 1404(a); and,

WHEREAS, though it denied Defendants' motions as moot in light of its conclusions as to transfer and interest in receiving Limitless and Friedlander's positions on transfer,

4

(ECF 231; ECF 232), the Court possesses the authority to sua
sponte transfer this action, see Danziger & De Llano, LLP v.
Morgan Verkamp LLC, 948 F.3d 124, 132 (3d Cir. 2020); see also
Sondhi v. McPherson Oil Co., No. 20-13986, 2021 WL 5356182, at
*4 (D.N.J. Nov. 17, 2021) ("[A] district court may, sua sponte,
transfer a case from one proper venue to another proper venue
pursuant to 28 U.S.C. § 1404(a)." (collecting cases)); Meyers v.
Heffernan, No. 10-212, 2012 WL 1133732, at *5 (D. Del. Mar. 29,
2012) ("A court's authority to transfer cases pursuant to 28
U.S.C. § 1404(a) does not depend upon a motion, stipulation, or
consent of parties to the litigation, but '[f]ailure to afford
parties adequate notice and opportunity to be heard on a
district judge's contemplated sua sponte transfer would in most,
if not all, cases violate the parties' due process rights.'"
(alteration in original) (quoting Dish Network Corp. v. TiVo,
Inc., 604 F. Supp. 2d 719, 725 (D. Del. Mar. 31, 2009))); and,

WHEREAS, with the benefit of the letters submitted by
Limitless and Friedlander's counsel, (ECF 233; ECF 234), each
party has now been provided notice of potential transfer and an
opportunity to present their respective positions to the Court;
and,

WHEREAS, the letters submitted by Limitless and
Friedlander's counsel, (ECF 233; ECF 234), reaffirm the Court's
earlier-expressed conclusions as to the appropriateness of

transfer, (ECF 231; ECF 232).

    THEREFORE,

    IT IS HEREBY on this  10th  day of   October  , 2023

    **ORDERED** that the Clerk of the Court **TRANSFER** this action to the United States District Court for the District of Utah; and it is further

    **ORDERED** that the Clerk of the Court thereafter **CLOSE** this matter.

                                s/ Noel L. Hillman

At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.